### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **BRADLEY LANE MCDANIEL,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | MO:17-CV-00250-DC | |
| § | | |
| **THE CLINTON GLOBAL** § | | |
| **INITIATIVE,** § | | |
| *Defendant*. § | | |

### ORDER DISMISSING CASE FOR WANT OF PROSECUTION

On this day, the Court reviewed the status of the above-captioned matter. On October 17, 2019, the Court issued an Order Granting Defendants' Motions to Dismiss. (Doc. 59). The Court dismissed all Defendants except The Clinton Global Initiative. *Id.* On the same day, the Court issued an Order to Require Service, requesting that Plaintiff file with the Clerk of the Court proof of service upon Defendant The Clinton Global Initiative no later than Friday, November 15, 2019. (Doc. 58). The Court warned Plaintiff Bradley Lane McDaniel that failure to respond or to explain why service has not been accomplished would result in the dismissal of the Second Amended Complaint as to Defendant The Clinton Global Initiative for failure to prosecute or to comply with the Court's Order. *Id.*

This Court may dismiss a case *sua sponte* for want of prosecution. Fed. R. Civ. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). However, a district court may only dismiss without prejudice unless the party's failure to comply with the court's order was purposeful, and the imposition of a lesser sanction would be futile. *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996); *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

To date, Plaintiff has failed to comply with the Court's Order. Because service on Defendant The Clinton Global Initiative is crucial to the progression of the case, Plaintiff's failure to serve Defendant or explain to the Court why service has not been accomplished warrants dismissal. *See, e.g.*, *Abdul-Rahman v. Bank of Am.*, No. 3:14-CV-2365-M, 2014 WL 5472442, at *1 (N.D. Tex. Oct. 29, 2014) (dismissing the case because plaintiff failed to provide the information requested by the court to determine jurisdiction); *Murray v. Unidentified Officer*, No. CIV.A. 1:05CV329, 2007 WL 161010, at *1 (E.D. Tex. Jan. 17, 2007) ("By failing to comply with the order described forth above, plaintiff has failed to diligently prosecute this case. Accordingly, this case should be dismissed for want of prosecution.").

For the reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Second Amended Complaint for want of prosecution. (Doc. 42).

The Court Orders the Clerk of the Court to **CLOSE** this case.

It is so **ORDERED**.

SIGNED this 5th day of May, 2020.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE